### 10713.   RYLE *v.* MACON NEWS PRINTING COMPANY.

STEPHENS, J.   1. While, in a suit by a servant against the master to recover for injuries alleged to have been caused from a defective machine operated by the master, it ordinarily must appear that the servant did not know of such defect in the machine and by the exercise of ordinary care could not have known thereof, yet, as was held in the case of *King* v. *Seaboard Air-Line Ry.,* 1 *Ga. App.* 88 (58 S. E. 252), " A servant may recover from his master for an injury occasioned by a dangerous instrumentality negligently maintained by the master, although it appear that the servant was not ignorant of the existence of such dangerous instrumentality, if it is shown that at the time of the injury the servant was rendered oblivious or otherwise incapable of exercising his information as to the existence of the dangerous thing on account of the engrossing character of the work at hand."

2. Where the engrossing work involves the use of the dangerous instrument itself, and it does not appear that the plaintiff had any duty to claim his care and attention other than the doing of the very work by which he was injured, and that no other engrossing work claimed his attention so as to distract it from an appreciation of what was involved in the act he was about to attempt, it cannot be said that " the servant was rendered oblivious or otherwise incapable of exercising his information as to the existence of the dangerous thing." Moreover, in the *King* case, supra, the " engrossing work" was such as diverted the servant's attention away from the danger, instead of, as in the instant case, fixed it upon the danger itself. See, in this connection, *Brown* v. *Rome Foundry Co.,* 5 *Ga. App.* 142 (62 S. E. 720).

3. It appearing from the petition in this case that the servant had actual knowledge of the defect alleged to have been the proximate cause of the injury, and it not appearing that the servant was rendered oblivious of the danger by reason of his work, the trial court properly dismissed the petition on general demurrer.

*Judgment affirmed. Jenkins, P. J., and Smith, J., concur.*

DECIDED APRIL 7, 1920.

Action for damages; from city court of Macon — Judge Guerry. June 19, 1919.

The material allegations in the petition are: that the plaintiff was employed by the defendant as foreman in charge of its printing-press, and in case the web of the paper should break while running through the press it was his duty to catch the end of the web and lead the web or feed it into the press until caught up by the rollers and carried by them through the press; that the operation of the press is controlled by a clutch, and when the clutch is engaged the press is in motion, and when disengaged the press is stationary; that on or about March 18, 1918, while he was working at the press, the web of the paper broke, and, in accordance with his custom and practice, he signalled to a fellow servant to stop the press, but, on account of a defective clutch, the press failed to stop, and in attempting to feed the broken switch into the press the plaintiff suffered an injury to his hand. The petition alleges, that the "cause of said injury was a defect in the clutch," and that "while petitioner had brought to his notice, previous to his injury, that the clutch did not work properly, at the time he was injured his duty and work were so absorbing in the interest of the defendant that they required all of his undivided attention, and that he was prevented from being conscious of and from realizing and from noting the fact that occasionally prior thereto the clutch on said press had not worked perfectly."

*J. M. Hancock, Feagin & Hancock,* for plaintiff.

*P. F. Brock,* for defendant.