### 11071.   BOGUSH *v.* SOUTHEASTERN MANUFACTURING AND SPECIALTY COMPANY.

STEPHENS, J.   1. Where a servant is employed in the operation of a machine used for the purpose of stamping out and flattening leather washers by the intermittent rising and falling of a heavy steel die upon a flat surface, such die being controlled by a pedal operated by the foot of the servant, and the duty of the servant being to place the washers upon the surface when the die is up, preparatory to being stamped by the die when it falls, and to remove the flattened washers after the die is raised, it is a perfectly obvious danger that the hand of the servant will be injured if he fails to remove it from under the die before it falls, and such obvious risk is therefore assumed by a servant undertaking to operate the machine. The fact that the master has instructed the servant to place his hand in such dangerous position will not excuse the servant from assuming the obvious risk.

2. While " A servant may recover from his master for an injury occasioned by a dangerous instrumentality negligently maintained by the master, although it appear that the servant was not ignorant of the existence of such dangerous instrumentality, if it is shown that at the time of the injury the servant was rendered oblivious or otherwise incapable of exercising his information as to the existence of the dangerous thing on account of the engrossing character of the work at hand" (*King* v. *Seaboard Air-Line Ry.,* 1 *Ga. App.* 88, 58 S. E. 252), yet, ''where the engrossing work involves the use of the dangerous instrument itself and it does not appear that the servant had any duty to claim his care and attention other than the doing of the very work by which he was

injured, and that no other engrossing work claimed his attention so as to distract it from an appreciation of what was involved in the act he was about to attempt, it cannot be said that 'the servant was rendered oblivious or otherwise incapable of exercising his information as to the existence of the dangerous thing.'· Moreover, in the *King* case, supra, the 'engrossing work' was such as diverted the servant's attention away from the danger, instead of, as in the instant case, fixed it upon the danger itself.'' *Ryle* v. *Macon News Printing Co.*, 25 *Ga. App.* 106· (102 S. E. 835).

3. The petition as amended failed to set out a cause of action, and was therefore properly dismissed on general demurrer.

*Judgment affirmed. Jenkins, P. J., and Smith, J., concur.*

DECIDED MAY 5, 1920.

Action for damages; from Fulton superior court — Judge Bell. October 22, 1919.

*Philip Waltner, Branch & Howard,* for plaintiff.

*Troutman & Freeman,* contra.